705) to many of the cases to be reconsidered as the Supreme Court directed to be done in *Coleman.* We conclude from these considerations that *Coleman* should not be given retroactive application."

■■ In the instant case the preliminary hearing of the defendant was held on April 17, 1970, more than two months prior to the opinion in *Coleman.* Defendant argues that since his trial and conviction were had after the decision in *Coleman* the rule stated therein applies even though his preliminary hearing occurred prior to that decision. With this tenuous reasoning we cannot agree. The case of *People v. Adams, supra,* completely refutes such reasoning.

■■ Lastly, we conclude that it was not error for the trial court to refuse to give the instruction tendered by the defendant on the subject of alibi. The question of alibi instructions is specifically covered by I.P.I.— Criminal, 24.05, where the committee recommends that no instructions on this subject be given, noting that alibi is not an affirmative defense and that the policy of the committee was that instructions should avoid commenting on particular types of evidence. See *People v. Poe,* 48 Ill.2d 506, 272 N.E.2d 28.

For the reasons we have set forth we conclude that this case should be reversed and remanded for a new trial.

Reversed and remanded.

STOUDER, P. J., and DIXON, J., concur.

GENERAL ELECTRIC CO., Plaintiff-Appellant, *v.* BURT JENNINGS, d/b/a TONICA HARDWARE, Defendant-Appellant.

(No. 71-127; )

Third District—March 24, 1972.

Louis Olivero, of Peru, for appellant.